Garland, J.
This case has already been before us, and was remanded for a new trial. 2 Robinson, 217. In November, 1843, some time after the cause had been sent back, Langfitt and Perry, two of the plaintiffs, together with Saunders and Fluker, two of the commissioners appointed to liquidate the affairs of the Railroad Company, appeared in court, and filed an agreement as the basis of a compromise; in which it is said, that these two plaintiffs agree to receive in full satisfaction of the demand of Langfitt &. Co., the sum of $29,840 92, with ten per cent interest from the 22d June, 1840, and the furthe^ sum of $1925 97; the said Langfitt and Perry to receive, in part payment, the notes of Perry in the hands of the commissioners, and also an amount due by Perry to the company on account; and also to receive one-fourth part of said sum in the demands of the company against Elias W. Boatner; and it is further agreed, that the mortgage or privilege of the plaintiffs, as contractors, is not to be affected until the debt owing them is paid. The parties pray, that notice may be given of this compromise ; and if no opposition be made within ten days, that it be homologated, and made the judgment of the court. Before the expiration of the ten days, the administrator of Elias W. Boatner presented an opposition :
1. Because his intestate was one of the firm of Langfitt & Co., *42 and the opponent was and is a party to the suit in which it is proposed to make this compromise, to which he has not been made a party, though he has an interest. He contends that, without his concurrence, forced or voluntary, no decree can have any binding effect on the parties.
2. Because the commissioners have no right to agree, that the entire balance due by the Railroad Company to Langfitt & Co., shall be paid to Langfitt & Perry, when there is a third party interested, who, as a joint undertaker or contractor, is entitled to receive his virile portion of what remains due, or to have it compensated and discharged by the obligations of the said party, in the possession of the Railroad Company, or their legal assignees.
3. Because the said commissioners have no authority to compromise or settle the amount owing to each of the joint contractors, otherwise than by a direct payment to each of his virile portion, or by extinguishing it by compensating the liabilities of each without regard to any account or unsettled obligations between the co-contractors themselves.
4. Because one of the issues made, tried and determined in the suit pending, was whether the virile portion of E. W. Boatner, as one of the contractors with his co-plaintiffs, in the demand on the company, be compensated and discharged by the notes and liabilities of said Boatner held by the company, the evidence of which liabilities is on file, and on which a judgment has been rendered, which has the effect of a thing adjudged, and by which all parties are bound; and this he contends applies as well to future liabilities as to the present. He, therefore, prays, that the compromise may be rejected, or so amended as to declare the amount due by said E. W. Boatner to the company, compensated and discharged by his virile share under the contract; and that any future liabilities may be also so discharged.
On the day that this opposition was filed, Reddin Brown and John L. De Lee, who say that they are the endorsers of a note drawn by E. W. Boatner and held by the Railroad Company, bn which a judgment has been rendered against them, intervened in the case, and also made opposition, alleging that they are in. terested in not having the compromise affirmed. They make th e game objections to it as the administrator of Boatner.
*43 After hearing the parties, the court below authorized and decreed the commissioners of the Railroad Company to compromise with Langfitt and Perry, and to pay them three-fourths of the sum of $29,840 92, with ten per cent interest from 1st June, 1840, and also three-fourths of the sum of $1925 97. The notes of Perry, in the hands of the commissioners, and the balance of the account due by him, to be received in payment as agreed upon. The remaining fourth of the above sums to remain unsettled ; with the understanding, that the compromise and the judgment authorizing it to be made, are not in any manner to operate to the prejudice of the estate of B. W. Boatner, of the securities of said Boatner, or of Langfitt and Perry, in the disposition which may hereafter be made of the remaining fourth above stated. It was further ordered, that the mortgage or privilege which Langfitt and Perry may have on the railroad, be preserved to them, until their demand be fully paid. From this judgment Brown and De Lee, the intervenors, have alone appealed.
The record does not contain the proceedings or judgment against the intervenors, mentioned by them ; but their allegation of its existence and character appears not to have been denied in the argument. We have considered its effect, so far as we can comprehend it, from the brief statement before us. It may be somewhat doubtful whether these intervenors, having failed to set up the plea in compensation now claimed in the suit brought against them on the note they endorsed, can now do so; but it is not neeessary to investigate that question now. We have looked attentively to see in what way the appellants can be injured by the judgment as it stands; and that examination satisfies us, that they have no particular interest to be affected. There is a reservation of the rights of the several parties, whenever they may come up for investigation.

Judgment affirmed.